BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| APPROXIMATELY $19,500.00 IN U.S. CURRENCY, and | STIPULATION FOR CONSENT JUDGMENT OF FORFEITURE |
| 2007 CADILLAC DTS, VIN: 1G6KD57Y57U146759, CALIFORNIA LICENSE: 5VIX389, | |
| Defendants. | |

The United States of America and potential claimant Julio Rodriguez Chavez, appearing *in propria persona*, hereby agree and STIPULATE as follows:

1.      On June 6, 2012, the Drug Enforcement Administration (hereafter "DEA") adopted the Approximately $19,500.00 in U.S. Currency (hereafter "defendant currency") and the 2007 Cadillac DTS, VIN: 1G6KD57Y57U146759, California License: 5VIX389 (hereafter "defendant vehicle") for federal forfeiture.  The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about November 2, 2012, the DEA received a claim from Julio Rodriguez Chavez asserting an ownership interest in the defendant currency and the defendant vehicle.

1

2.     The United States represents that it could show at a forfeiture trial that on May 17, 2012, Detective Jeff Martin with the Nevada County Sheriff's Office Narcotics Task Force ("NCSO") responded to an advertisement on www.budtrader.com from an individual later identified at Julio Rodriguez Chavez ("Chavez"), who was interested in "bulk units" of marijuana (a unit equals one pound).  Over the next week, the Detective Martin and Rodriguez engaged in several conversations to plan the sale of approximately twenty pounds of marijuana for $1300 per pound.  Pursuant to these conversations, the undercover agent and Chavez arranged to meet in Penn Valley on May 23, 2012.

3.     The United States could further show at trial that on May 23, 2012, Detective Martin arranged to meet with Chavez for the purpose of selling him pound quantities of marijuana.  When Chavez arrived, he met with Detective Martin to discuss the exchange of cash for the marijuana.  Chavez followed Detective Martin to his vehicle to inspect the marijuana.  When Chavez was unzipping the bag containing the marijuana, other officers from the NCSO arrested Chavez and seized the defendant currency and defendant vehicle.

4.     The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6) and that the defendant vehicle is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(4) .

5.     Without admitting the truth of the factual assertions contained in this stipulation, Julio Rodriguez Chavez specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Julio Rodriguez Chavez agrees that an adequate factual basis exists to support forfeiture of the defendant currency and the defendant vehicle.  Julio Rodriguez Chavez hereby acknowledges that he is the sole owner of the defendant currency and the defendant vehicle, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the

Stipulation for Consent
Judgment of Forfeiture

government with regard to its forfeiture of the defendant currency or the defendant vehicle, Julio Rodriguez Chavez shall hold harmless and indemnify the United States, as set forth below.

6.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency and defendant vehicle were seized.

8.     The parties herein desire to settle this matter, and a Consent Judgment of Forfeiture may be entered based upon the following terms with which Julio Rodriguez Chavez expressly agrees:

a.     All right, title and interest in the Approximately $19,500.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

b.     Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, the 2007 Cadillac DTS, VIN: 1G6KD57Y57U146759, California License: 5VIX389, shall be returned to potential claimant Julio Rodriguez Chavez.

c.     Julio Rodriguez Chavez hereby releases the United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency and the defendant vehicle.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the

3

1  time of executing the release, which if known by him or her must have materially

2  affected his or her settlement with the debtor."

3            d.      Pursuant to Rules 408 and 410(4) of the Federal Rules of

4  Evidence, no portion of this stipulated settlement, including statements or

5  admissions made herein, shall be admissible in any criminal action.

6            e.      Reasonable cause for the seizure of the defendant currency and

7  the defendant vehicle exists and the Court may enter a Certificate of Reasonable

8  Cause pursuant to 28 U.S.C. § 2465.

9            f.      Each party represents that he or she understands the content of

10  this Stipulation and enters it voluntarily, and has not been influenced by any person

11  acting on behalf of any other party.

12           g.      All parties will bear their own costs and attorney's fees.

13

14  Dated: ___1/30/2013___                     BENJAMIN B. WAGNER
                                               United States Attorney
15

16                                     By:  _____
                                           KEVIN C. KHASIGIAN
17                                         Assistant U.S. Attorney

18

19  Dated: 1/30/2013                        _____
                                           JULIO RODRIGUEZ CHAVEZ
20                                         Potential Claimant – *In Propria Persona*

21

22

23

24

25

26

27

28

4

Stipulation for Consent
Judgment of Forfeiture