BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $19,500.00 IN U.S. CURRENCY, and<br><br>2007 CADILLAC DTS, VIN: 1G6KD57Y57U146759, CALIFORNIA LICENSE: 5VIX389,<br><br>　　　　Defendants. | 2:13-MC-00004-GEB-CKD<br><br>CONSENT JUDGMENT OF FORFEITURE |

　　　　Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

　　　　1.　　On June 6, 2012, the Drug Enforcement Administration (hereafter "DEA") adopted the Approximately $19,500.00 in U.S. Currency (hereafter "defendant currency") and the 2007 Cadillac DTS, VIN: 1G6KD57Y57U146759, California License: 5VIX389 (hereafter "defendant vehicle") for federal forfeiture.  The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about November 2, 2012, the DEA received a claim from Julio Rodriguez Chavez asserting an ownership interest in the defendant currency and the defendant vehicle.

1

2. The United States represents that it could show at a forfeiture trial that on May 17, 2012, Detective Jeff Martin with the Nevada County Sheriff's Office Narcotics Task Force ("NCSO") responded to an advertisement on www.budtrader.com from an individual later identified at Julio Rodriguez Chavez ("Chavez"), who was interested in "bulk units" of marijuana (a unit equals one pound). Over the next week, the Detective Martin and Rodriguez engaged in several conversations to plan the sale of approximately twenty pounds of marijuana for $1300 per pound. Pursuant to these conversations, the undercover agent and Chavez arranged to meet in Penn Valley on May 23, 2012.

3. The United States could further show at trial that on May 23, 2012, Detective Martin arranged to meet with Chavez for the purpose of selling him pound quantities of marijuana. When Chavez arrived, he met with Detective Martin to discuss the exchange of cash for the marijuana. Chavez followed Detective Martin to his vehicle to inspect the marijuana. When Chavez was unzipping the bag containing the marijuana, other officers from the NCSO arrested Chavez and seized the defendant currency and defendant vehicle.

4. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6) and that the defendant vehicle is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(4).

5. Without admitting the truth of the factual assertions contained in this stipulation, Julio Rodriguez Chavez specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Julio Rodriguez Chavez agrees that an adequate factual basis exists to support forfeiture of the defendant currency and the defendant vehicle. Julio Rodriguez Chavez hereby acknowledges that he is the sole owner of the defendant currency and the defendant vehicle, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the

government with regard to its forfeiture of the defendant currency or the defendant vehicle, Julio Rodriguez Chavez shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency and defendant vehicle were seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. All right, title and interest in the Approximately $19,500.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, the 2007 Cadillac DTS, VIN: 1G6KD57Y57U146759, California License: 5VIX389, shall be returned to potential claimant Julio Rodriguez Chavez.

12. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

**Date: 1/31/2013**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency and defendant vehicle.

DATED: 1/31/13

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge